IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. CR-08-220-E-BLW |
| v. | ) ) | **ORDER** |
| MARIO IZARRAGA-PONCE, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Defendant Izarraga-Ponce's Motion to Dismiss (Docket No. 43). The Court heard arguments of counsel concerning this motion on March 26, 2009. As explained in further detail below, after considering the briefs and arguments of counsel the Court grants Defendant Izarraga-Ponce's Motion to Dismiss without prejudice.

## BACKGROUND

On August 28, 2008, an Indictment was filed with this Court charging Defendant Izarraga-Ponce with misprision of a felony. Subsequently a Superseding Indictment was filed in November of 2008 changing the dates of the conspiracy charge against Defendant Izarraga-Ponce's co-defendants, adding

**Order - Page 1**

another charge against one of Defendant Izarraga-Ponce's co-defendants, and adding another defendant. However, the Superseding Indictment did not change the charges against Defendant Izarraga-Ponce.

The Defendant asserts the following factual background in relation to the charge. In July of 2008 the Defendant came to Idaho with two of his co-defendants. While in Idaho, one of the co-defendants allegedly attempted to sell methamphetamine to an undercover officer. Defendant Izarraga-Ponce was with the co-defendant at a truckstop where this pre-arranged buy took place. After the police officer was shown the methamphetamine he signaled other officers to arrest the co-defendant, Defendant Izarraga-Ponce, and another co-defendant who was also at the gas station that day.

## ANALYSIS

The Defendant argues the government fails to state an offense against him in the Superseding Indictment because the government does not allege the requisite elements of misprision of a felony. Specifically the Defendant argues the government does not allege that the Defendant engaged in an affirmative act to conceal the underlying crime. The government argues it need not allege specific facts or describe the government's evidence in detail in an indictment and that it is prepared to prove at trial that the Defendant engaged in an affirmative act to

conceal his knowledge of the crime.

There are four elements to the crime of misprision of felony.  *United States v. Ciambrone*, 750 F.2d 1416, 1417 (9th Cir. 1984).  First, the principal must have committed and completed the underlying felony and, second, the defendant must have had full knowledge of such commission.  *Id.*  Additionally, the defendant must have failed to notify the authorities and, fourth, the defendant must have taken "an affirmative step to conceal the crime."  *Id.*

A defendant takes an affirmative step to conceal the crime if he engages in an action that will impede the authorities' discovery of the crime.  For example, giving false information to authorities is an affirmative step to conceal the crime. *United States v. Hodges*, 566 F.2d 674, 675 (9th Cir. 1977).  In *Hodges*, the defendant had met with a man that had abducted a child and knew how to contact that man.  *Id*.  However, when interviewed by authorities the defendant told them he did not know how to get in contact with this man and said that he had never seen the abducted child.  *Id*.  He further warned the man of the authorities' inquiry and advised the man to "get rid of the child."  *Id*.  The Ninth Circuit held that this giving of false information to authorities was an affirmative step to conceal the crime because "lying to the authorities can help those who committed a crime by throwing the authorities off the track."  *Ciambrone*, 750 F.2d at 1418.  Therefore,

**Order - Page 3**

lying to authorities is an affirmative step because it will impede the authorities' discovery of the crime.

Conversely, merely remaining silent and not reporting a known crime does not amount to an affirmative step to conceal the underlying crime. *Lancey v. United States*, 356 F.2d 407, 410 (9th Cir. 1966). Additionally, even if a defendant were to partially disclose a crime and withhold further information from authorities until the authorities paid the defendant for his information, such a defendant would not have taken an affirmative step to conceal the underlying crime. *Ciambrone*, 750 F.2d at 1418. In *Ciambrone*, the Ninth Circuit held the defendant's partial disclosure did not hinder the authorities' discovery of the underlying crime but rather "put them at greater risk of detection than if he had remained silent." *Id*. Therefore, remaining silent, or even withholding further information of a crime once partial disclosure is made, does not constitute an affirmative step to conceal a crime.

In this case, the Superseding Indictment does not allege that the Defendant took affirmative step to conceal the underlying crime – which is the fourth element of misprision of a felony. The Superseding Indictment, perhaps giving lip service to the fourth element of the offense, alleges that the Defendant "did conceal the [underlying crime] by failing to report the criminal activity to law enforcement

officers."  However, as discussed above, *Ciambrone* and *Lancey* establish that mere failure to report a crime is insufficient in itself to constitute an affirmative step to conceal the underlying crime.

The government responds that the Superseding Indictment does not need to allege specific facts or set forth the government's evidence in detail.  However, the Government's argument misses the mark.  The Indictment is not inadequate because it fails to flesh out the details of each element of the crime charged.  Its shortcoming is that, by failing to allege an essential element of the crime charged, it fails to state an offense.

The government does not respond to this argument except to say that it is prepared to prove the Defendant affirmatively concealed his knowledge of the offense.  However, no amount of proof at trial can compensate for a failure to charge an offense in the Indictment.  Therefore, the Superseding Indictment must be dismissed as to this defendant, but such dismissal will be without prejudice.

## CONCLUSION

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 43) shall be, and the same is hereby, GRANTED.

DATED:  **April 2, 2009**

*[signature]*

Honorable B. Lynn Winmill
Chief U. S. District Judge